VALLADARES, APPELLANT, v. THE REGISTRAR OF SAN JUAN, SECTION 1, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of an Instrument for the Consolidation of Properties.

No. 235.—Decided July 24, 1915.

CONSOLIDATION OF PROPERTIES—RECORD OF TITLE.—When it is sought to consolidate two properties the area of one of which appears in the registry and that of the other does not and certain parcels of specified areas have been segregated, it is necessary to know the remaining area of the property from which the parcels were segregated in order thus to determine whether the area ascribed to the grouped property is or is not in conformity with the real facts and the records of the registry.

ID.—DESCRIPTION OF PROPERTY—RECORD OF TITLE.—When the appellant states in the deed of consolidation that he has been informed by an expert surveyor that the property contains a certain area, while the registrar maintains in his decision that such area is erroneous because a calculation made on the basis of the measurements of the boundaries recited in the description shows a lesser area than the consolidated property is said to contain, the Supreme Court is not called upon to say whether the registrar or the appellant is mistaken, but it holds that if the latter desires to record the exact area of the grouped property he should present to the registrar a certificate of a competent expert showing the exact measurements.

ID.—REASON FOR CONSOLIDATION.—There is no provision either in the Mortgage Law or its Regulations which requires that there shall be a reason for grouping properties. The convenience or desire of the owner is all that is necessary, provided he comply with the necessary requirements for consolidating different tracts of land recorded under different numbers into one single property.

The facts are stated in the opinion.

*Mr. Frank Antonsanti* for the appellant.

The substitute registrar appeared *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By public deed No. 9 for the consolidation of properties, executed before Notary Frank Antonsanti Capó in San Juan on April 26, 1915, Mariana Valladares Colón, widow of Hoare, stated that she was the owner of a lot situated in the ward of Santurce of this city of an area of 681.25 square meters, and of another lot situated in the said ward of Santurce containing a dwelling-house and measuring eighteen *varas* in front facing the highway with the rear extending to the sea on the south, the area not being stated; that both lots are recorded in the registry of property; that of the second lot she had sold to the Circumvallation Railway two parcels containing 83.25 and 236.40 square meters, respectively, situated on each side of the track; that both are recorded in the registry; that she had sold also to the American Railroad Company of Porto Rico a parcel of the same containing 7,794.67 meters, which was likewise recorded in the registry; that also she had sold another parcel of land from the same lot containing an area of 4,000.41 square meters (*sic*), it not being stated whether the same was recorded in the registry; that the two lots of which she was the owner joined and formed one single piece of land, for which reason she had decided to consolidate the same in order to record it in the registry of property under one single number and as one single property in the following manner:

"A parcel of land in the ward of Santurce of the municipal district of San Juan, composed of 35,000 square meters and containing a frame house with a zinc roof, the said lot being bounded on the north by the highway and track of the electric railway where it measures 25 meters; on the east by land and a house belonging to Salvador Suau for a distance of 480 meters and by property of Trueba & Olivas for 97.3 meters; on the south by a lot belonging to Trueba & Olivas for 42.10 meters and by a proposed street separating it from the track of the American Railroad Company of Porto Rico for 44 meters; on the west by a proposed street separating it from land of the Suc-

cession of Hernández for a distance of 465.85 meters and also by a lot belonging to Francisco Goenaga and a lot of María Enriqueta Hoare y Valladares for a distance of 100 meters.''

The said instrument having been presented in the Registry of Property of San Juan, Section 1, the registrar refused to admit the same to record for the reasons stated in the following decision:

''Admission to record of the foregoing document is denied because of the following incurable defects: (1) Because on account of the failure to segregate the 4,000.41 square meters referred to in the deed and the lack of any record in the registry to show the area of the property from which such segregation should be made, it cannot be ascertained how many meters are left of the said property to be consolidated; (2) because the area of 35,000 meters given to the property resulting from the consolidation appears to be erroneous, for. in making a calculation according to the boundary measurements given in the description, the area is only 31,714.92 square meters, errors and omissions excepted, or 3,286 meters less than the designated area of the grouped property; (3) because the remainder of the second property sought to be consolidated is not described; and (4) because there is no reason why the consolidation is necessary in order that the property may be recorded in the name of the same owner of the properties of which it is composed. A cautionary notice is entered, etc.''

From the foregoing decision an appeal has been taken by Mariana Valladares, widow of Hoare, to this court.

We are of the opinion that the decision appealed from is correct as to the first three grounds stated therein, but not as to the fourth.

As it does not appear from the registry that the segregation of the 4,000.41 meters (*sic*) sold to Trueba & Olivas was made from the second lot described, or what was the area of the said lot, it is impossible to ascertain the number of meters of said lot remaining after that segregation and the segregation of the two parcels sold to the Circumvallation Railway and to the American Railroad Company of Porto Rico.

And it was important that the registrar should know the number of meters remaining of the second lot after the segregations referred to in the deed of April 26 of the present year in order to be able to determine whether such remainder added to the 681.25 meters of the first lot completed the area of 35,000 square meters which the appellant claims to be the area of the grouped property.

This being a case of a deed for the grouping of properties, the area of one of which is known and the other unknown in the registry, and it being set out that certain parcels of specified areas were segregated, it is necessary to know the remaining area of the property from which the parcels were segregated in order thus to determine whether the area ascribed to the grouped property is or is not in conformity with the real facts and the records of the registry.

It is stated in the deed whose admission to record was denied that the newly grouped property has an area of 35,000 square meters, while the registrar contends that that area is apparently erroneous, for a calculation made on the basis of the measurements of the boundaries recited in the description gives an area of 31,714.92 square meters, errors and omissions excepted, or 3,286 less than what the new property is said to contain.

In opposition to the registrar's contention, the appellant states in her brief that she has been informed by an expert surveyor that the perimeter stated in the deed contains the number of meters given therein. This court is not called upon to say whether the registrar or the appellant is mistaken, but we are of the opinion that if the interested party desired to record the exact superficial area of the grouped property she should have presented to the registrar a certificate of a competent expert showing the exact measurements.

A description of the remainder of the second lot after segregating the parcels thereof which ceased to belong to Mariana Valladares should have been given in the deed for

its due identification, inasmuch as the same was not on record in the registry.

As to the last ground of the decision appealed from, there is no provision either in the Mortgage Law or in its Regulations which requires that there shall be a reason for grouping properties. The convenience or desire of the owner is all that is necessary, provided that he comply with the necessary requirements in order to group or consolidate different tracts of land recorded under different numbers into one single property.

For the foregoing reasons the decision appealed from should be affirmed, except as to the fourth ground thereof.

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.